IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.10-CV-384-GKF-PJC |
| ) | |
| CITY OF BIXBY, a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

Before the court is plaintiff James Michael Webster's Motion to Remand. [Doc. No. 13].

Plaintiff, a former assistant city manager of the defendant City of Bixby ("City") filed this action in Tulsa County District Court on October 29, 2009. [Doc. No. 2-1, Petition]. The petition named both the City and the State of Oklahoma *ex rel.* Department of Labor ("DOL"), as defendants. [*Id.*]. Plaintiff's first cause of action was the appeal of a final agency order of DOL dismissing his wage claim against the City. His second cause of action was a statutory wage claim pursuant to 40 Okla.Stat. §165.1, *et seq.* His third claim for relief was for "deprivation of property interest." Plaintiff alleged therein that he had a "property interest in and to his employment with the City," the City "failed to observe certain safeguards in connection with the termination of [his] employment," and the termination of his employment "deprived him of his property interest in and to his continued employment with the City and otherwise caused [him] injury." [*Id.,* ¶¶41-43]. Further, he alleged the acts taken against him were unlawful and "reckless, intentional and malicious." [*Id.,* ¶¶44-45]. The petition did not cite any federal statutory violation or allege a violation of federal constitutional law.

On December 4, 2009, plaintiff dismissed his claims against the DOL. On April 9, 2010, the City served Requests for Admissions, First Interrogatories and First Request for Production of Documents on plaintiff. On June 4, 2010, plaintiff served responses to the defendant's discovery requests. In response to Interrogatory No. 12, wherein City had requested that plaintiff "Identify the 'safeguards' which you alleged the City failed to observe, in paragraph 42 of your Petition," plaintiff responded:

> The Fourteenth Amendment of the United States Constitution protects citizens from the deprivation of "life, liberty, or property, without due process of law." Procedural due process ensures that a state will not deprive a person of life, liberty, or property unless fair procedures are used in making the decision. Plaintiff was entitled to the safeguards of procedural due process since he had a legitimate expectation of continued employment and, thus, a property interest protected by the Due Process Clause.

[Doc. No. 2-2, p. 14 of 35].

Six days after plaintiff served his response, defendant City removed the case to federal court, citing 28 U.S.C. §1331 and alleging federal question jurisdiction. [Doc. No. 2]. Plaintiff, in his Motion to Remand, maintains that the state court petition clearly raised a claim for violation of a property interest protected by the Fourteenth Amendment of the U.S. Constitution and therefore, City of Bixby's removal of the action on June 6, 2010, was untimely.

Under 28 U.S.C. §1446(b), a defendant has 30 days from receipt of the initial pleading within which to file a notice of removal of the action to federal court. However:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C. §1446(b).

In *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir. 1979), the court stated:

> [T]his court has held that the purpose of the starting of the period of the limitations is important to allow the defendant to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design.

Further, the court stated, the pleading "should not be an ambiguous statement that requires an extensive investigation to determine the truth." *Id.* at 490. *See also Green v. City of Claremore,* 2007 WL 680791 at *2 (N.D. Okla.) (Where plaintiff's petition failed to cite any federal or statutory law and contained nothing to indicate that plaintiff was asserting a federal race discrimination claim, it did not provide "unequivocal notice of the right to remove.")

Plaintiff argues that defendant could not reasonably have failed to recognize his third cause of action as a federal claim. However, under the heading, "Due process of law," Article 2, Section 7 of the Oklahoma Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law."[1] Plaintiff's third claim for relief could well have been based on Oklahoma constitutional law alone. Plaintiff's failure to allege a violation of federal law prevented defendant from being able to ascertain whether the case was removable.

Plaintiff further contends that the City could "have intelligently ascertained removability" on the day the petition was filed because of an earlier letter his counsel, Christopher Camp, wrote the Bixby City Attorney, Phil Frazier. In that letter, written August 17, 2009, Camp stated:

> I am writing regarding the City of Bixby's recent termination of Mike Webster from his position as Assistant City Manager. As I am sure you are aware, Mr.

---

[1] Indeed, plaintiff, in his discovery responses, asserted his third claim for relief was based, in part, on "the common law prohibition against discharging an employee in contravention of a clear mandate of public policy (*i.e.*, Okla. Const. Art. 2 §7) as first expressed in *Burk v. K-mart Corp.,* 770 P.2d 24 (Okla. 1989)."

3

> Webster was not afforded an opportunity for hearing in accordance with the decision of the United States Supreme Court in *Cleveland Bd. Of Educ. v. Loudermill,* 470 U.S. 532 (1985).
>
> I now write you to formally request that Mr. Webster be given the procedural and substantive due process that is required by law.

[Doc. No. 13, Ex. A, Letter to Phil Frazier]. Plaintiff also asserts that the City Attorney, City Manager, Mayor and City Council all have copies of the *Handbook for City and Town Officials* published by the Oklahoma Municipal League, which contains a section on property rights, and states:

> Property Right
>
> On March 19, 1985, the U.S. Supreme Court rules that public employers must give employees possessing a property interest in their job an opportunity to respond to charges against them <u>before</u> they may be terminated or otherwise suffer any financial loss arising out of their employment. The court ruling is based on the constitutional protection of due process before an individual may be deprived of property. A property interest, protected by the 14th Amendment to the U.S. Constitution, may be given to public employees either by action of the state or of the municipality....

[Doc. No. 13, Ex, C, Handbook, p.2 of 3].

Plaintiff contends that the City "should have intelligently ascertained the removability of the petition" based on his counsel's earlier letter from his attorney to the City Attorney and the "Property Right" section in the Handbook. The court disagrees. Under *DeBry,* plaintiff was required to provide "unequivocal" notice he was asserting a federal constitutional claim. 601 F.2d at 489. Plaintiff's third claim for relief did *not* meet this requirement. At best, the language of the third claim for relief is ambiguous.

Moreover, the Tenth Circuit has rejected plaintiff's suggestion that defendant should have been able to ascertain the case was removable based on prior communications and

4

documents, stating:

> We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates the right to remove where the pleading indicates that the right to remove *may* exist. Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

*Akin v. Ashland,* 156 F.3d 1030, 1036 (10th Cir.1998). In this case, the petition cites no federal law violation and indeed no legal basis at all for the claim. The defendant served written requests for admissions seeking to ascertain, *inter alia,* wether plaintiff was asserting a claim under the U.S. Constitution or federal law. When plaintiff responded that he *was*, in fact, claiming a violation of his Fourteenth Amendment due process rights, defendant timely filed its removal notice.

For the foregoing reasons, plaintiff's Motion to Remand [Doc. No.13] is denied.

ENTERED this 5th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5