IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES MICHAEL WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-CV-00384-GKF-PJC |
| ) | |
| CITY OF BIXBY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff James Michael Webster's ("Webster") Motion to Compel. [Dkt. No. 37].

I.
*Background*

This lawsuit arises out of Webster's employment with the City of Bixby ("Bixby"). Webster contends he was wrongfully terminated from his position as Bixby's Assistant City Manager. In furtherance of his claim, on June 21, 2011, Webster took the deposition of Bixby Mayor Ray Bowen. At the deposition Plaintiff's counsel asked two questions which he states Bowen was instructed not to answer and did not answer. Webster moves to compel answers to these two questions:

**Question No. 1:** "Sir, is the City of Bixby considering hiring Kevin Nelson?"

**Question No. 2:** "During the executive session on April 27th, 2009, was Mickey Webb asked by the council what he would think if this council said to do away with Webster's position?"

1

Objection to the first question was based on relevance. [Dep. trans. P. 42, lines 15-17; p. 48, lines 4-8]. The witness was instructed not to answer. [Dep. trans. P. 43, lines 5-10; p. 45, lines 16-18]. Objection to the second question was based on the fact that it concerned a matter that was discussed by the Bixby City Council in executive session. [Dep. trans. p. 94, line 24 – p. 95, line 13]. Again, Bowen was instructed not to answer. [Dep. trans. p.100, line 17 – p. 101, line 8].

## II.
### *Discussion*

When Bowen arguably[1] refused to answer these questions, Plaintiff's counsel had them "certified[2]" for presentation to the Court; however, the Motion to Compel was not presented to the Court before discovery cutoff. This in itself is fatal to the motion. A failure to pursue discovery remedies in a timely fashion may result in waiver of discovery violations. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D.Colo. 2000). It is the responsibility of the party seeking discovery to timely move for an order compelling it. "It is especially important that a party file its motion before discovery cutoff." *Continental Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). *See also*, *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 100 (E.D. Mich. 2002); *Spacecon Specialty Contractors, LLC v. Bensinger*, 2011 WL 782677 (D. Colo. March 1, 2011). Here, Plaintiff waited nearly 30 days after the discovery deadline to file

---

[1] In addition to the ample amount of arguing that occurred at the deposition, the parties' counsel also do not agree whether the two questions at issue were, in fact, answered.

[2] "Certifying" a question gives formal notice to the other side that the attorney is serious enough about the merits of the question to ask the court to compel an answer to it.

his motion to compel. In fact, the motion wasn't fully briefed until Aug.24, 2011, when Plaintiff's Reply brief was filed. This was well past discovery deadline.[3] For that reason, the motion is **DENIED** as untimely.[4]

Defendant should not take this Order to mean its conduct at the deposition was appropriate. The instruction not to answer Question No. 1 on relevance grounds was wholly improper. *See* Fed. R. Civ. P. 30(c)(2); *Edwards v. Center Moriches Union Free School Dist.*, 2009 WL 604928 at *2, n.5 (E.D.N.Y. March 9, 2009) ("[A] relevance objection is not a proper ground on which to instruct a witness not to answer or to terminate a deposition."). Furthermore, the assertion of privilege as to Question No. 2 failed to recognize that in a federal question case, privilege is guided by federal not state law. Fed. R. Evid. 501; *Bjorklund v. Miller*, 2010 WL 4683860 (N.D. Okla. Nov. 12, 2010); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997). Had Plaintiff pursued the matter in timely fashion, he likely would have prevailed. However, since he failed to do so, the motion is untimely and the larger point is moot.

IT IS SO ORDERED this 2d day of September 2011.

Paul J. Cleary
United States Magistrate Judge

---

[3]   Plaintiff's request to extend all scheduling dates 60 days had been denied by the Court well before the Motion to Compel was filed. [Dkt. No. 31].

[4]   The Court also notes that by the time the Motion to Compel was filed, both sides had filed motions for summary judgment. This is an indication that the answers to the two questions at issue are not critical to resolution of this case.